**LAN FANG ZHANG, Petitioner,**

v.

**Alberto R. GONZALES, Respondent.**

**No. 05–3714–ag.**

United States Court of Appeals, Second Circuit.

Nov. 13, 2006.

Thomas V. Massucci, New York, NY, for Petitioner.

Deborah J. Rhodes, United States Attorney, Southern District of Alabama; Leigh L. Pipkin, Assistant United States Attorney, Mobile, AL, for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. PIERRE N. LEVAL and Hon. SONIA SOTOMAYOR, Circuit Judges.

**SUMMARY ORDER**

Petitioner Lan Fang Zhang, a citizen of the People's Republic of China, seeks review of a July 11, 2005 order of the BIA affirming the January 5, 2004 decision of Immigration Judge ("IJ") Philip L. Morace denying petitioner's application for asylum, withholding of removal, and relief under the Convention Against Torture. *In re Lan Fang Zhang*, No. A 77 323 058 (B.I.A. July 11, 2006), *aff'g* No. A 77 323 058 (Immig. Ct. N.Y. City Jan. 5, 2004). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), this Court reviews the IJ's decision as the final agency determination. *See, e.g., Twum v. INS*, 411 F.3d 54, 59 (2d Cir.2005); *Yu Sheng Zhang v. U.S. Dep't of Justice*, 362 F.3d 155, 159 (2d Cir.2004). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 401–402 (2d Cir.2005); *see also Xiao Ji Chen v. U.S. Dep't of Justice*, 434 F.3d 144, 158 (2d Cir.2006) (agreeing with this principle, but avoiding remand, in spite of deficiencies in an adverse credibility determination, because it could be confidently predicted that the IJ would adhere to the same decision were the case remanded).

The IJ's adverse credibility determination was supported by material and substantial inconsistencies in the record. First, the IJ accurately noted that Zhang indicated at the hearing that she did not suspect that she was pregnant when she missed her period because "it happened that [her] period was irregular sometimes," but she told the asylum officer that her period was "regular," and that is what prompted her to have a physical examination. Next, the IJ accurately observed that Zhang testified that it was possible a neighbor or the doctor who examined her could have reported her to the family planning officials, but she specifically told the asylum officer that her boyfriend's mother, "elated," told the neighbors about the pregnancy, and the neighbors, in turn, divulged the information to the officials. These inconsistencies undermined Zhang's credibility because they involved the crux of her claim that the family planning officials took her for a forced abortion after she unexpectedly became pregnant. *See Secaida–Rosales v. INS*, 331 F.3d 297, 308 (2d Cir.2003).

In addition, Zhang testified that by March 2000 she was already pregnant, but

she told the asylum officer that she became pregnant in March 2000. While this discrepancy may have been minor, it was also material and not isolated, given the other inconsistencies, and therefore supports the IJ's adverse credibility ruling. *See Tu Lin v. Gonzales,* 446 F.3d 395, 402 (2d Cir.2006) ("even where an IJ relies on discrepancies or lacunae that, if taken separately, concern matters collateral or ancillary to the claim, ... the cumulative effect may nevertheless be deemed consequential by the fact-finder") (internal citations omitted).

Moreover, the IJ appropriately faulted Zhang because she failed to provide documentation regarding the alleged abortion, such as a letter from her parents or boyfriend. Zhang's failure to corroborate her testimony bore on credibility, because the absence of this evidence rendered her unable to rehabilitate testimony that has been called into question. *See Xiao Ji Chen,* 434 F.3d at 164; *Zhou Yun Zhang,* 386 F.3d at 78. In addition, the IJ was not required to show that this evidence was reasonably available to Zhang before relying on a lack of corroboration to support his adverse credibility finding. *See Xiao Ji Chen,* 434 F.3d at 164 (holding that these steps are not required when the applicant is not otherwise credible).

Zhang's other assertions of error notwithstanding, we would not need to remand this case because substantial evidence supports the IJ's adverse credibility finding, and we can "confidently predict" that the agency would adhere to the same decision on remand, absent the alleged errors. *See Xiao Ji Chen,* 434 F.3d at 162; *Cao He Lin,* 428 F.3d at 395. Because the only evidence of a threat to Zhang's life or freedom, or a risk of torture depended upon her credibility with respect to her family planning claim, the adverse credibility determination in this case necessarily precludes success on the claims for withholding of removal and relief under the CAT. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED. The pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).